SEAN P. HEALY, SB #018393
Sean.Healy@lewisbrisbois.com
AARON C. SCHEPLER, SB #019985
Aaron.Schepler@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH** LLP
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
Firm email: azdocketing@lewisbrisbois.com
*Attorneys for Defendant iHeartMedia + Entertainment, Inc.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Steven Moore,<br><br>   Plaintiff,<br><br>vs.<br><br>KRQ, KRQQ, Banner, Valencia Family,<br><br>   Defendants. | Case No.<br><br>Pima County Superior Court, Case No. C20234271<br><br>**Notice of Removal** |

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant iHeartMedia + Entertainment, Inc., erroneously sued herein as "KRQ" and "KRQQ" ("Defendant"), removes this action from the Pima County Superior Court, Case No. C20234271, to the United States District Court for the District of Arizona. Removal is proper under the foregoing statutes because (1) complete diversity exists among the parties and the amount in controversy exceeds $75,000, and (2) Plaintiff's complaint asserts a claim "arising under the Constitution, laws, or treaties of the United States."

**A.   Plaintiff's Complaint give rise to diversity jurisdiction**

1. On September 14, 2023, self-represented Plaintiff Justin Steven Moore ("Plaintiff") commenced a lawsuit in the Pima County Superior Court captioned *Justin Steven Moore v. KRQ, et al.*, Case No. C20234271 (the "State Court Case"). Copies of all pleadings and other documents that were previously filed in the State Court Case are attached hereto as **Exhibit A** as required by 28 U.S.C. § 1446(a) and LRCiv 3.6(b).

131732650.1

2. A federal court's diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . [c]itizens of different states." 28 U.S.C. § 1332(a)(1).

3. Plaintiff and Defendant are citizens of different states.

    a. In his complaint, Plaintiff alleges that he is a resident of Pima County, Arizona. Thus, he is a citizen of Arizona. *See* Complaint at p. 1.

    b. Defendant is a Nevada corporation with its principal place of business located in San Antonio, Texas. Accordingly, Defendant is a citizen of both Nevada and Texas.

4. The amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332(a)(1). In his complaint, Plaintiff alleged that "[p]ursuant to Arizona Rules of Civil Procedure, Rule 26.2(c)(3), the Court should assign my case to the following tier [Tier 3] based on the amount of damages I request." *See* Complaint at p. 2. Under Ariz. R. Civ. P. 26.2(c)(3)(C), a Tier 3 case is one in which the plaintiff is claiming more than $300,000 in damages. Because Plaintiff is claiming at least $300,000 in damages, this case satisfies the amount-in-controversy requirement of 28 U.S.C. § 1332(a)(1).

**B. Plaintiff's Complaint also gives rise to federal-question jurisdiction**

5. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In his Complaint, Plaintiff alleges that Defendant "disclosed" to "people all of [his] info[,] like SS#, DL#, birth cert[ificate] number, name change doc's [sic], everything," and also sold the information. Thus, Plaintiff seems to be alleging that Defendant somehow published his Social Security number, driver's license number, and other confidential personal information without his permission.

6. Under 18 U.S.C. § 2724(a), "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court." Under 18 U.S.C. § 2725(1), a "motor



vehicle record" is defined as "any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles," which would include a person's driver's license number. Similarly, under 18 U.S.C. § 2725(3), "personal information" is defined to include, among other things, a person's name, address, driver identification number, and Social Security number.

7. Accordingly, Plaintiff's complaint purports to state a claim for relief under 18 U.S.C. § 2724 because it alleges that Defendant disclosed "personal information from a motor vehicle record" without his consent. This action is therefore removable under federal-question jurisdiction. *E.g.*, *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998) (federal-question jurisdiction exists when a right or immunity created by the Constitution or laws of the United States is an "essential" element of the plaintiff's cause of action) (quoting *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109 (1936)).

**C.   This Notice of Removal is timely filed**

8. This notice of removal is timely because the 30-day period for Defendant to remove has not yet been triggered. Specifically, Defendant has not yet been served with the summons and complaint. Defendant became aware of the lawsuit on or about September 18, 2023. On that date, Plaintiff sent a copy of a court document titled "Rule 102(a) FASTAR Certificate" to Defendant's radio station KRQQ at 3202 N. Oracle Rd. in Tucson. Plaintiff sent a second copy of the Rule 102(a) FASTAR Certificate to "iHeartRadio" at 3202 N. Oracle Rd. in Tucson. Neither address is the address of Defendant's agent for service of process. *Moreover, Plaintiff has never served the summons and complaint on Defendant as required by state-court rules.* *See* Ariz. R. Civ. P. 4.1(b) ("The summons and the pleading being served must be served together within the time allowed under Rule 4(i)."). Rather, Defendant obtained a copy of the complaint from the courthouse on its own behalf after receiving the FASTAR Certificate.

9. Under controlling United States Supreme Court case law, the 30-day period for Defendant to remove has not yet begun to run. In *Murphy Brothers v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), the Supreme Court held that "a named defendant's time

to remove is triggered *only by simultaneous service of the summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service, but not by mere receipt of the complaint unattended by formal process.*" *Id.* at 347-48 (emphasis added) (involving a plaintiff who filed a complaint in state court and faxed a courtesy copy of the filed complaint to the defendant but did not serve the complaint until fourteen days later). Here, because Defendant's receipt of the complaint was "unattended by formal process," Defendant's time to remove has not yet begun. Thus, Defendant's notice of removal is timely.

**D.   All other prerequisites for removal have been satisfied**

10.   The State Court Case is pending within this district and division. Therefore, removal to this Court is proper. 28 U.S.C. § 1446(a).

11.   Written notice of the filing of this Notice of Removal will be given to all parties and a copy of the same will be filed with the Clerk of the Pima County Superior Court as required by 28 U.S.C. § 1446(d). **Exhibit B**.

12.   Defendant disputes Plaintiff's allegations and denies that Plaintiff is entitled to judgment against it. Defendant voluntarily appears in this action for purposes of removal, but reserve all objections, arguments, and defenses to Plaintiff's complaint. A responsive pleading or motion will be filed in accordance with Fed. R. Civ. P. 81.

WHEREFORE, Defendant iHeartMedia + Entertainment, Inc. respectfully removes the State Court Case to this Court.

RESPECTFULLY SUBMITTED this 9th day of November, 2023.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:   */s/ Sean P. Healy*
Sean P. Healy
Aaron C. Schepler
*Attorneys for Defendant iHeartMedia + Entertainment, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of November, 2023, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system, and mailed the document to the following, who is not a CM/ECF user:

Justin Steven Moore
5039 S. River Run Dr.
Tucson, AZ 85746
*Plaintiff in pro per*

/s/ Holly Bornhoft

42320-9