**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Steven Moore,<br><br>    Plaintiff,<br><br>v.<br><br>KRQ, et al.,<br><br>    Defendants. | No. CV-23-00509-TUC-CKJ<br><br>**ORDER** |

On November 9, 2023, Defendant iHeartMedia+Entertainment, Inc., sued erroneously as KRQ and KRQQ, (iHeartMedia), voluntarily appeared and filed a Notice of removal of this action from the state court to federal court. On November 11, 2023, Defendant filed a Motion to Dismiss. Plaintiff, appearing pro se without counsel, has not filed an objection to removal nor has Plaintiff requested remand. Plaintiff has not filed a Response to the Motion to Dismiss.[1]

It is well established that "'lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties.'" *United Invs. Life Ins. Co. v. Waddell & Reed Inc.,* 360 F.3d 960, 967-68 (9th Cir. 2004) (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934); *see also Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir.1998) ("In this action, as in all actions before a federal court, the necessary and constitutional predicate for any decision is a determination that the court has jurisdiction—that is the power—to adjudicate

---

[1] Plaintiff filed a document (Doc. 9) on November 30, 2023, which might be construed as a request for an extension of time to respond because he suggests he is having access issues with his is computer. There is no requirement that he must have a computer, and it appears that his past judicial communications have been handwritten.

the dispute."). The district court has a duty, *sua sponte*, to ensure it has jurisdiction over every action, including a removed action, --"whether the parties raise the issue or not." *Id.* 967 (citing *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 128 (3d Cir.1998). The Court finds removal is appropriate under 28 U.S.C. § 1441(a). Without waiting for a response, the Court screens the Complaint under 28 U.S.C. § 1915(e)(2) and grants the Motion to Dismiss, with leave to amend.

A defendant or defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, . . ., to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

The federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Generally, federal subject matter jurisdiction exists when a claim either (1) arises under the U.S. Constitution or laws of the United States, 28 U.S.C. § 1331 (federal question jurisdiction), or (2) arises between citizens of different states when the amount in controversy exceeds $75,000, 28 U.S.C. § 1332 (diversity jurisdiction). Diversity jurisdiction requires complete diversity of citizenship between the parties, requiring each plaintiff be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Section 1332). If a federal court determines that it lacks subject matter jurisdiction at any time, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (noting that courts have an obligation to raise subject matter jurisdiction *sua sponte*).

The removing party bears the burden to establish federal subject matter jurisdiction. *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 11195 (9th Cir. 1988). When a plaintiff chooses a state rather than federal forum the removal statute is strictly construed against removal jurisdiction." *Id.*

"A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal, . . ., [which] shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(a), (b)(1). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A), *see also* 28 U.S.C. § 1441(b)(2).

The Court notes here that on the face of the Plaintiff's Complaint it appears that Defendant the Valencia Family is likely a citizen of Arizona, Pima County, and if served, the joinder of this Defendant would likely destroy diversity. At this time, however, Plaintiff has failed to serve any of the three name Defendants, iHeartMedia, Banner, and Valencia Family, and only Defendant iHeartMedia voluntarily appears and seeks removal.

Defendant iHeartMedia explains it was not properly served with the Complaint and Summons. Instead, a copy of a state court document titled Rule 102(a) FASTAR Certificate was mailed to Defendant's Tucson radio station KRQ/KRQQ. Defendant iHeartMedia obtained a copy of the Complaint from the Arizona Superior Court, Pima County. There is diversity between the Plaintiff, who is a resident of the state of Arizona and Defendant iHeartMedia, a Nevada corporation, with its principal place of business in San Antonio, Texas. "Defendant voluntarily appears in this action for purposes of removal, pleading or motion will be filed in accordance with Fed. R. Civ. P.81." (Notice of Removal (Doc. 1) at 4.) Subsequent to the Notice of Removal, Defendant filed a Motion to Dismiss.

According to Defendant iHeartMedia: "Here, because Defendant's receipt of the complaint was unattended by formal process, Defendants time to remove has not yet begun. Thus, Defendant's notice of removal is timely." *Id.* It is true that the time to remove this action has not begun based on service of process because "'a named defendant's time to

- 3 -

remove is triggered *only by simultaneous service of the summons and complaint, or receipt of the complaint through service or otherwise, after and apart from service, but not by mere receipt of the complaint unattended by formal process.'" Murphy Brothers v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (1999). The Supreme Court held that "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant," and "in the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Id.* at 350.

The Motion for Removal is timely only if Defendant iHeartMedia has waived service because the record is clear that there has been no formal process of service on Defendant iHeartMedia. Sufficiency of service of process, occurring before removal from state court, is determined under state law. *Lee v. City of Beaumont*, 12 F.3d 933, 936-937 (9th Cir. 1993), *overruled on different grounds, California Dept. of Water Resources v. Powerex Corp.*, 533 F.3d 1087, 1091 (9th Cir. 2008). In Arizona, formal service requires a summons be served with the copy of the pleading, here, the Complaint. 16 A.R.S., R Civ. P.4 and 4.1. In Arizona, generally, a court obtains jurisdiction over a person through the formal process of service of a summons and complaint. *See Hirsch v. Nat. Van Lines, Inc.,* 666 P.2d 49, 53 (Ariz. 1983) (*in banc*) (fact of service and resulting notice establishes jurisdiction). A defendant may waive such service by voluntarily appearing in the court proceeding. "It is a rule of ancient and universal application that a general appearance by a party who has not been properly served has exactly the same effect as a proper, timely and valid service of process." *Montano v. Scottsdale Baptist Hosp.*, 581 P.2d 682, 686 (Ariz. 1978). A defendant makes an "appearance" by taking any action that recognizes that the case is in court, except challenging jurisdiction. *State ex rel. Dept. Econ. Sec. v. Burton*, 66 P.3d 70, 72 (Ariz. App. 2003). Requesting affirmative relief constitutes an appearance. *Austin v. State ex rel. Herman*, 459 P.2d 753, 757 (1969). Making an appearance has "the same force and effect as if a summons had been issued and served." Ariz. R. Civ. P. 4(f).

The Court finds that Defendant iHeartMedia's voluntary appearance in this action for the purpose of seeking removal constitutes a waiver of service and process, especially because the appearance is for the purpose of seeking removal—which may not be sought "in absence of service of process or waiver of the defendant." *Supra.* Defendant has also filed a Motion to Dismiss, without challenging service of process.

The Complaint names the three Defendants KRQ/KRQQ (iHeartMedia), Banner, and Valencia Family and a laundry list of claims ranging from fraud, slander, defamation, to medical and legal malpractice, HIPPA violations and property damage. The only facts alleged to support any claims against Defendant iHeartMedia are that KRQ/KRQQ slandered him by telling people all his information like social security and driver's license numbers, birth certificate number, name change documents, everything, and also sold them and put them online, and posted fake comments of nuclear war. (Notice of Removal, Complaint (Doc. 1-3) at 26.)

For removal, the Defendant invokes federal question jurisdiction under the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721 et seq., which makes it "unlawful for any person knowingly to obtain or disclose personal information[ ] from a motor vehicle record." 18 U.S.C. § 2722(a). The DPPA defines "personal information" as: "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5–digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status. *Id.* § 2725(3). The DPPA provides a private right of action for any individual whose personal information has been obtained or disclosed in violation of the Act. § 2724(a). *Dahlstrom v. Sun-Times Media, LLC*, 777 F.3d 937, 941 (7th Cir. 2015).

Based on the limited facts alleged in the Complaint, the Court finds that on the face of the Complaint there is no federal question jurisdiction. While Plaintiff alleges that KRQ/KRQQ slandered him by telling and selling personal information, including his social security and driver license numbers and other information protected under the DPPA, he

does not allege that the information allegedly obtained or disclosed was "from a motor vehicle record." 18 U.S.C. § 2722(a). Any attempt to state a claim under the Health Insurance Portability and Accountability Act (HIPPA) fails because it is well established that HIPAA does not provide a private cause of action. *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007). HIPAA specifically delegates enforcement to the Secretary of Health and Human Services, a strong indication that Congress intended to preclude private enforcement. Alexander v. Sandoval, 532 U.S. 275, 286-87 (2001).

Defendant iHeartMedia is left with invoking this Court's jurisdiction based on diverse citizenship because it is a citizen of Nevada, doing business in Texas, and Plaintiff is a citizen of Arizona. Plaintiff alleges damages totaling $395,000,000, and identified the case as a Tier 3 claim, which is one in which the claim is at least $300,000. The statutory threshold for federal subject matter jurisdiction based on diversity is $75,000. In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The Court finds that for the purpose of removal, the amounts in controversy suggested by the Plaintiff show by a preponderance of the evidence that removal is proper based on diversity jurisdiction. *Id.*

On November 15, 2023, the Defendant filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) based on Plaintiff's failure to comply with Fed. R. Civ. P., Rule 8, which requires: "a short and plain statement of the claim showing that the pleader is entitled to relief." The Defendant argues the Complaint is devoid of facts sufficiently stated against each defendant with particularity so that each defendant can identify the claims and supporting factual allegations being made against that defendant. The Complaint should explain how and why each Defendant is subject to liability.

The Plaintiff has not filed a Response to the Motion to Dismiss. *See* LRCiv. 7.2(c) (providing 14 days to file Response in opposition to a motion). Without waiting for a

Response, the Court grants the Motion to Dismiss, pursuant to 28 U.S.C. § 1915(e)(2)(B), with leave to amend. When a plaintiff proceeds *in forma pauperis,* the Court screens the Complaint and "shall dismiss the case at any time if the court determines the action . . . : (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.*

In addition to the facts contained in the one paragraph noted above, which is aimed at KRQ/KRQQ, the Complaint alleges facts involving Defendant the Valencia Family, including alleging that the mother gave him drugs that caused him to almost die and the children were part of the slander, bank fraud, and attempted murder, and also put a fogger on his air conditioning so it spit out fentanyl, cocaine and methamphetamine; they hacked all his electronics  and caused him brain damage and cognitive decline. (Notice of Removal, Complaint (Doc. 1-3) at 26.)

In addition to charging that the facts are insufficient under Rule 8 to support any of the alleged claims (fraud, slander, defamation, medical and legal malpractice, property damage), the Defendant argues the facts are fanciful. As noted above, a complaint filed *in forma pauperis* is subject to dismissal under 28 U.S.C. § 1915(e)(2) if it is "frivolous or malicious." or the complaint "fails to state a claim upon which relief can be granted." A complaint is frivolous "where it lacks an arguable basis either in law or in fact." The term "frivolous," when used to describe a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882 (9th Cir. 1991); *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

"District judges have no obligation to act as counsel or paralegal to *pro se* litigants" because this would undermine district judges' role as impartial decisionmakers. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131, n.13 (declining to decide whether the court was required to inform a litigant of pleading deficiencies under the PLRA, but noting that the pro se litigant, unskilled in the law, is far more prone to making errors in pleading than the person who has the benefit of being represented by counsel)

(citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).  So, while the Court may not serve as advocate nor act as legal advisor for a *pro se* litigant like the Plaintiff, the Court will explain the pleading deficiencies and afford him an opportunity to amend the Complaint.  *Noll*, 809 F,2d at 1448.

If the Plaintiff files an Amended Complaint, it must clear up the questions of which claims, based on what alleged facts, are made against which Defendants. To comport with Rule 8 of the Federal Rules of Civil Procedure, the Amended Complaint must include sufficient factual details so that this Court can determine each claim that exists against each Defendant.  The Plaintiff must refer by name to the particular Defendant, whenever possible, in the body of the Amended Complaint, so that it is possible to determine which Defendant is being charged with responsibility for each particular grievance.  *Jackson v. Nelson*, 405 F.2d 872, 873 (9th Cir. 1968).

Plaintiff's obligation to provide the "'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007).  At the pleading stage, the Plaintiff must allege enough facts, if taken as true, to suggest that a claim exists. This does not impose a probability requirement at the pleading stage, it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence to support the claim.  *Id*. at 1966, *see McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (the complaint must set forth "who is being sued, for what relief, under what theory, with enough detail to guide discovery). "[F]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Twombly*, 127 S.Ct at 1965. In short, the Amended Complaint must state what, where, when, or how or what the defendants did to make them liable and thus lacks sufficient factual allegations to move beyond the level of speculation.

The need for specificity in the Amended Complaint is especially important for Plaintiff to plead claims like slander or defamation, which must disclose precisely what

statements were made that he alleges are slanderous or defamatory—keeping in mind that such statements must be false or bring disrepute or ridicule upon a person, be contemptuous, or impeach his honesty, integrity, virtue or reputation. *See* (Motion to Dismiss (Doc. 7) at 6-7) (citations omitted).

To plead disclosure of private information as a common law tort, requires an explanation as to how any alleged private information was made public and how any disclosure placed the Plaintiff in a false light, including facts to show the actor had knowledge or acted in reckless disregard as to the falsity of the publicized matter and the false light. *Shepherd v. Costco Wholesale Corp.*, 441 P.3d 989, 995 (Ariz. App. 2019), *vacated in part*, 250 Ariz. 511, 482 P.3d 390 (2021); Restatement (Second) of Torts § 652E). "Generally, 'it is not an invasion of the right of privacy ... to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons.'" *Id*. (quoting Restatement (Second) of Torts § 652D, cmt. a).

Similarly, a negligence claim must include factual allegations to show that a defendant owed a duty of care to the Plaintiff, to show how the Defendant failed to conform to that duty of care, to show a causal connection between the defendant's conduct and an injury, and to show actual damages. *Quiroz v. ALCOA Inc*., 416 P.3d 824, 827–28 (Ariz. 2018).

While *pro se* pleadings must be liberally construed, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), *pro se* plaintiffs are not relieved of their obligation to plead a plausible claim for relief. Therefore, the Plaintiff's failure to comply with the directives issued herein for amending his Complaint shall result in this case being closed.

**Accordingly**,

**IT IS ORDERED** that the Plaintiff, having established *in forma pauperis* status in the state court, may proceed here *in forma pauperis* without prepayment of fees and costs or security therefor.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2), the Motion to Dismiss (Doc. 7) is GRANTED, with leave to amend.

**IT IS FURTHER ORDERED** that the Plaintiff may file an Amended Complaint by January 15, 2024.

**IT IS FURTHER ORDERED** that the Amended Complaint shall be filed in the United States District Court for the District of Arizona and the AMENDED COMPLAINT MUST BE CLEARLY DESIGNATED AS "AMENDED COMPLAINT" ON THE FACE OF THE DOCUMENT.  The Amended Complaint must state specific allegations against proper Defendant(s), named as Defendant(s); and identify who participated in which activities alleged in the Amended Complaint; and state what injury, if any, Plaintiff suffered as a result of the activities of each Defendant. THE AMENDED COMPLAINT MUST BE RETYPED OR REWRITTEN IN ITS ENTIRETY AND MAY NOT INCORPORATE ANY PART OF THE ORIGINAL COMPLAINT BY REFERENCE. Local Rule 7.1(d)(1). <u>The Amended Complaint shall include a demand for relief, including the amount in controversy</u>.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to DISMISS all claims and to close this case, without further notice to Plaintiff, if Plaintiff fails to file the Amended Complaint by January 15, 2024.

**IT IS FURTHER ORDERED** that all pending motions (Docs. 5, 8 and 9) are denied as moot, without prejudice to being reurged in the event this matter proceeds subsequent to Plaintiff's filing an Amended Complaint.

**IT IS FURTHER ORDERED** that in the event Plaintiff proceeds with this action, he must follow the Federal Rules of Civil Procedure and the Local Rules of Practice for the U.S. District Court of Arizona (local rules).  Plaintiff is instructed to take special notice of Local Rule 7.2 which provides specifics for civil motions, especially subsection (i) which provides that failure to file a timely response, or any other such non-compliance, "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."

**IT IS FURTHER ORDERED** that in the event Plaintiff proceeds with this action, pursuant to his *in forma pauperis* status, the Court shall order the United States Marshal to

serve the Amended Complaint; he shall be required to prepare the service packets for the United States Marshal to effect service. The Plaintiff must comply with the rules of service, Fed. R. Civ. P. 4-6. He shall be responsible for serving upon Defendants or upon their counsel, a copy of every further document submitted to the Court. Plaintiff shall include a certificate stating the date a true and correct copy of any document was mailed to each Defendant or their counsel. The Court will disregard any document which has not been filed with the Clerk or which fails to include a Certificate of Service.

**IT IS FURTHER ORDERED** that the Plaintiff shall not have any *ex parte* communications with this Court, including telephone calls and letters. Plaintiff should use materials available on the Court's website, www.azd.uscourts.gov at the tab "Self-Represented Litigants." *See* Proceeding Without an Attorney | District of Arizona | United States District Court (uscourts.gov).

Dated this 14th day of December, 2023.

_____
Honorable Cindy K. Jorgenson
United States District Judge